# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE BROWN, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES, LLC, a wholly-owned ) <br> subsidiary of PORTFOLIO ) <br> RECOVERY ASSOCIATES, INC., ) <br> ) <br> Defendant ) | **Civil Action No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## COMPLAINT

MICHELLE BROWN ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction over the federal claims contained therein.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Salem, Massachusetts 01970.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC, purchases, manages and collects debts.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant sought to collect a consumer debt.

12. The alleged debt, an Orchard bank credit card, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in July 2015, and continuing through September 2015, Defendant contacted Plaintiff on her cellular telephone in its attempts to collect a consumer debt.

14. Defendant contacted Plaintiff with such frequency that she would receive, on average, two (2) collection calls every other day, resulting in Plaintiff receiving more than ten (10) collection calls a week from Defendant.

15. Finding the repetitive calls to be aggravating and annoying, Plaintiff told Defendant to stop calling her.

16. Defendant, however, failed to update its records to cease calls to Plaintiff; rather, it continued to call her knowing that she did not want to be called.

17. Further, Plaintiff informed Defendant that she was unable to afford the monthly payments, as she had just had surgery and was receiving disability.

18. Again, Defendant did not update its records to restrict calls to Plaintiff's cellular telephone and, instead, continued to call her knowing that she could not pay.

19. Further, Defendant called Plaintiff at times when it was inconvenient for her to receive collection calls, specifically calling her after 9:00 p.m.

20. Lastly, within five (5) days of its initial communication with Plaintiff, Defendant failed to send her written notification of her rights to dispute the debt and/or request verification.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

b. Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 p.m.

## COUNT II

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff, on average, one (1) to two (2) times every other day, as well as continuing to call her after she told them to stop calling and that she did not have the means to pay the alleged debt, having the intent to annoy, abuse and harass her.

## COUNT III

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices,

including failing to update its records to restrict calls to Plaintiff's cellular telephone, after being told to stop calling and that Plaintiff did not have the financial means to pay.

## COUNT IV

a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer

        with the name and address of the original creditor, if different from the current creditor.

    b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, MICHELLE BROWN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHELLE BROWN, demands a jury trial in this case.

                                                    RESPECTFULLY SUBMITTED,

DATED: 10/29/2015          BY: /s/ Craig Thor Kimmel
                                                    CRAIG THOR KIMMEL
                                                    BBO# 662924
                                                    Kimmel & Silverman, P.C.
                                                    30 E. Butler Pike
                                                    Ambler, PA 19002
                                                    Phone: (215) 540-8888 ext. 148
                                                    Fax: (877) 788-2864
                                                    Email: kimmel@creditlaw.com